IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CANDIS PAYNE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:12-CV-5219-M (BF) |
| § | |
| WELLS FARGO BANK, N.A., et al., § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), and a Standing Order of Reference from the District Court, this removed civil action has been referred to the United States Magistrate Judge Paul D. Stickney for pretrial management. Before the Court for consideration is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss Plaintiff's First Amended Original Petition Pursuant to Rule 12(b)(6) and Brief in Support (doc. 16, "Motion to Dismiss"), filed on March 4, 2013. Plaintiff Candis Payne ("Plaintiff") filed her response on May 3, 2013, and Wells Fargo subsequently filed its timely reply. For the reasons that follow, this Court recommends that the District Court **GRANT** the Motion to Dismiss.

**Background**

This case arises out of foreclosure proceedings initiated against the real property located at 6201 Balcony Lane, Dallas, Texas 75241 (the "Property"). (Def.'s Mot. to Dismiss ¶ 2.) Plaintiff challenged the foreclosure sale by filing her Original Petition against defendants Wells Fargo and John Does 1-5 in the County Court at Law Number 2 of Dallas County, Texas on November 29, 2012. (Def.'s Notice of Removal, Ex. B2.) Wells Fargo subsequently timely removed the case to

federal court on December 21, 2012, based on diversity jurisdiction.[1] (*Id.* at ¶¶ 11-22.) Plaintiff thereafter requested leave to amend her Original Petition, which was granted by this Court. Accordingly, Plaintiff filed her First Amended Original Petition (doc. 13, "Amended Petition") on February 18, 2013, which Wells Fargo now requests this Court to dismiss.

Plaintiff executed a promissory note ("Note")[2] in favor of LMI Funding and its successors and assigns on or about November 27, 2006. (Pl.'s Am. Pet. at 3; App. to Def.'s Mot. to Dismiss at 1, Ex. 1.) Plaintiff simultaneously executed a Deed of Trust, conveying a security interest in the Property to LMI Funding[3] should Plaintiff default on the mortgage loan. (App. to Def.'s Mot. to Dismiss at 4, Ex. 2.) The Note was thereafter endorsed payable to Wells Fargo (*id.* at 3), and both the Note and Deed of Trust were assigned to Wells Fargo on July 8, 2008. (*Id.* at 13, Ex. 3.) On July 29, 2008, this assignment was recorded in the Official Public Records of Dallas County. (*Id.* at 15.)

Wells Fargo began servicing Plaintiff's loan in January of 2007 and Plaintiff made her monthly mortgage payments to Wells Fargo. (Pl.'s Am. Pet. at 3; Def.'s Mot. to Dismiss ¶¶ 2, 7.) However, sometime thereafter Plaintiff defaulted on her loan. Additionally, on or about February 11,

---

[1] This Court disregards the citizenship of defendants John Does 1-5 in finding that diversity jurisdiction exists, as said defendants are fictitious names and their citizenship should be ignored for jurisdictional purposes. *See* 28 U.S.C. § 1441(b)(1).

[2] Wells Fargo included a copy of the Note, Deed of Trust, and assignment of the Note and Deed of Trust in an appendix which was filed along with its Motion to Dismiss. This Court will consider the documents attached to Wells Fargo's Motion to Dismiss because they are central to Plaintiff's claims and are referenced in Plaintiff's petitions. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

[3] In her Amended Petition, Plaintiff claims that the security interest in the Deed of Trust was given to KB Home Loan Star LP, however, the Deed of Trust clearly reflects LMI Funding was the lender.

2008, a fire damaged the Property. (Pl.'s Am. Pet. at 3.) The insurance proceeds from the fire were collected by Wells Fargo. (*Id.* at 3-4.) On September 1, 2009, the Property was sold at a non-judicial foreclosure sale. (Def.'s Mot. to Dismiss ¶ 2.) Plaintiff no longer resides at the Property. (Pl.'s Am. Pet. at 1.) Wells Fargo's Motion to Dismiss is now ripe for review.

## Standard of Review

FED. R. CIV. P. 8(a)(2) provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." According to the United States Supreme Court, Rule 8(a)(2) requires a pleading to have "facial plausibility." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must be able to draw the reasonable inference from the pleading that the defendant is liable for the misconduct alleged. *Id*. (citing *Twombly*, 550 U.S. at 556). A defendant may seek a Rule 12(b)(6) dismissal if a pleading fails to establish facial plausibility. *See* FED. R. CIV. P. 12(b)(6); *id*. at n.3.

Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action is not sufficient. *Twombly*, 127 S.Ct. at 1964-65. Factual allegations must be sufficient to raise a right to relief above the speculative level. *Id.*

In deciding a motion to dismiss, the Court does not evaluate a plaintiff's likelihood of success; the Court only determines whether a plaintiff has stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). A court generally cannot look beyond the pleadings when resolving a Rule 12(b)(6) controversy. *Spivey v.*

3

*Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings include the complaint and any documents attached to it. *Collins*, 224 F.3d at 498. However, documents included with a defendant's motion to dismiss may be considered by the court if they are central to the plaintiff's claim and are referenced in the complaint. *Id.* at 498-99.

## Analysis

In her Amended Petition, Plaintiff raises the following causes of action: (1) Wrongful Foreclosure; (2) Money Had and Received; (3) Fraud; (4) Negligence; (5) Breach of Contract; and (6) Slander of Credit.[4] Because many of these claims are premised upon Plaintiff's allegation that the Deed of Trust was not properly assigned to Wells Fargo and, thus, Wells Fargo did not have the authority to foreclose on the Property, the Court will address this contention before turning to the merits of each of Plaintiff's claims.

**Assignment of Deed of Trust**

Plaintiff alleges that Wells Fargo lacked the authority to foreclose on the Property because the Deed of Trust was not properly assigned or recorded. (Pl.'s Am. Pet. at 4.) Wells Fargo counters that the assignment was properly recorded in the Public Records of Dallas County and Plaintiff lacks standing to challenge the assignment of the Deed of Trust. (Def.'s Mot. to Dismiss at 6-8.)

Numerous federal district courts in Texas have held that a plaintiff lacks standing to

---

[4] The Court notes that Plaintiff also alleges a cause of action of "agency." (Pl.'s Am. Pet. at 6.) Since agency is not an actual cause of action but, instead, is a legal relationship between an agent and its principal, the Court assumes that this allegation concerns a relationship between Wells Fargo and the John Does 1-5 fictitious defendants and, therefore, will not address such claim. *See Coffey v. Fort Wayne Pools, Inc.*, 24 F.Supp.2d 671, 677 (N.D. Tex. 1998).

challenge an assignment if the plaintiff is not a party to the assignment. *See, e.g., Eskridge v. Fed. Home Loan Mortg. Corp.,* No. W-10-CA-285, 2011 WL 2163989, at *5 (W.D. Tex. Feb. 24, 2011) (holding the plaintiff had no standing to challenge the assignment of the Note or the Deed of Trust because she was not a party to the assignments). However, more recently, some district courts in Texas have recognized that "[a] debtor has standing to challenge an assignment on any ground which renders the assignment void, but may not defend on any ground which renders the assignment voidable only." *Rivera v. CitiMortgage, Inc.*, No. 3:12-CV-3404-D, 2013 WL 1294009, at *2 (N.D. Tex. Apr. 1, 2013) (quoting *Tri-Cities Constr., Inc. v. Am. Nat'l Ins. Co.,* 523 S.W.2d 426, 430 (Tex.Civ.App.– Houston [1st Dist.] 1975, no writ)) (internal quotation marks omitted). *See also Puente v. CitiMortgage, Inc.*, No. 3:11-CV-2509-N, 2012 WL 4335997, at *6 (N.D. Tex. Aug. 29, 2012) (distinguishing between void and voidable assignments when analyzing whether one can challenge an assignment to which one is not a party); *Kramer v. Fed. Nat'l Mortg. Ass'n,* No. A-12-CA-276-SS, 2012 WL 3027990, at *4-5 (W.D. Tex. May 15, 2012) (same).[5]

Regardless, the issue of standing is inconsequential because even if Plaintiff has standing to contest the assignment, her contention still fails as a matter of law. Under the Deed of Trust, MERS was named the beneficiary and nominee for LMI Funding and its successors and assigns. (App. to Def.'s Mot. to Dismiss at 4, Ex. 2.) The Fifth Circuit recently found that under Texas law, MERS has the authority to assign a deed of trust. *Martins v. BAC Home Loans Servicing, L.P.*, No. 12-20559, 2013 WL 3213633, at *2 (5th Cir. June 26, 2013) ("Texas recognizes assignment of

---

[5] The Court notes that another exception has been recognized by some district courts in Texas, wherein a defendant who has been sued on a negotiable instrument may have standing to assert claims and defenses held by others. *See, e.g., Kramer,* 2012 WL 3027990, at *4-5. However, this exception is clearly inapplicable in this matter as Plaintiff has not alleged that Wells Fargo sued her on the Note. *See id.*

mortgages through MERS and its equivalents as valid and enforceable). *See also Wigginton v. Bank of New York Mellon*, No. 3:10-CV-2128-G, 2011 WL 2669071, at *3 (N.D. Tex. July 7, 2011), *aff'd*, 488 Fed. Appx. 868 (5th Cir. 2012) (explaining that if a deed of trust provides for the power of sale then a party to that deed of trust has such authority); *Richardson v. CitiMortgage, Inc.*, No. 6:10-CV-119, 2010 WL 4818556, at *5 (E.D. Tex. Nov. 22, 2010) (finding that MERS had the authority to transfer the rights and interests in the deed of trust because MERS was the nominee for the lender and its successors and assigns). Here, MERS was named the nominee for the lender and its successors and assigns, and was granted the power of sale in the Deed of Trust. Thus, MERS had the authority to assign the Deed of Trust to Wells Fargo and Wells Fargo, thereby, obtained all rights and interests in the Deed of Trust, including the right to foreclose on the Property.

  Plaintiff's argument that the assignment of the Deed of Trust was not properly recorded also fails. Wells Fargo attached the assignment of the Note and Deed of Trust which clearly demonstrates that the assignment was recorded on July 29, 2008, in the Dallas County Official Public Records. (App. to Def.'s Mot. to Dismiss at 15, Ex. 3.) Furthermore, there is no requirement that the Deed of Trust or assignment of the Deed of Trust be recorded prior to foreclosure in Texas. *See Broyles v. Chase Home Fin.,* No. 3:10-CV-2256-G, 2011 WL 1428904, at *2 (N.D. Tex. Apr. 13, 2011) (holding that transfers and assignments of liens do not need to be recorded prior to the mortgage servicer foreclosing on the property); *Denson v. First Bank & Trust of Cleveland,* 728 S.W.2d 876, 877 (Tex.App.– Beaumont 1987, no writ) (holding a deed of trust does not need to be recorded in order to convey title to the property); *Shaw v. Jackson,* 227 S.W. 520, 522 (Tex.Civ.App.– Beaumont 1920, no writ) (holding a valid lien was created despite the lien not being recorded in the county records). *See also* TEX. PROP. CODE ANN. § 13.001(b) (an "unrecorded instrument is binding on a

party to the instrument."). Thus, Plaintiff's argument that the Deed of Trust or foreclosure sale was void because Wells Fargo's interest in the Deed of Trust was not recorded lacks merit.

The Court finds that the assignment of the Deed of Trust was proper and, thus, Wells Fargo had the legal authority to foreclose on the Property under the Deed of Trust.

**Wrongful Foreclosure**

To state a claim for wrongful foreclosure under Texas law, a plaintiff typically must allege: (1) a defect in the foreclosure sale; (2) a grossly inadequate selling price; and (3) a causal connection between the defect in the sale and the grossly inadequate selling price. *Charter Nat'l Bank–Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex.App.– Houston [14th Dist.] 1989, writ denied). "A claim for 'wrongful foreclosure' is not available based merely on showing a defect in the foreclosure process; it is also necessary that there be an inadequate selling price resulting from the defect. Texas courts have yet to recognize a claim for 'attempted wrongful foreclosure.'" *Biggers v. BAC Home Loans Servicing, LP*, 767 F.Supp.2d 725, 729 (N.D. Tex. 2011) (citing *Port City State Bank v. Leyco Constr. Co.*, 561 S.W.2d 546, 547 (Tex.Civ.App.– Beaumont 1977, no writ); *Peterson v. Black*, 980 S.W.2d 818, 823 (Tex.App.– San Antonio 1998, no pet.)). With that said, the Fifth Circuit has recently recognized a narrow exception to the requirement that a plaintiff must show a grossly inadequate selling price called the "chilled bidding" exception. *See Miller v. BAC Home Loans Servicing, L.P.*, No. 12-41273, 2013 WL 4080717, at *8 (5th Cir. Aug. 13, 2013) (recognizing that a "plaintiff-mortgagor may avoid showing a grossly inadequate selling price if he or she alleges that the defendant-mortgagee (lender) deliberately 'chilled' the bidding at the foreclosure sale.").

Nonetheless, Plaintiff has neither alleged a grossly inadequate selling price nor that Wells Fargo interfered with the bidding process of the foreclosure sale. Thus, Plaintiff has not stated

7

sufficient facts to satisfy the second element of a wrongful foreclosure claim. Although Plaintiff alleges defects in the foreclosure sale, in that she did not receive proper notice of the sale and Wells Fargo did not have the authority to foreclose on the Property, defects in the foreclosure process, alone, is not sufficient to state a claim for wrongful foreclosure. *See Biggers,* 767 F.Supp.2d at 729. Accordingly, Plaintiff's wrongful foreclosure claim should be dismissed. *See Miller*, 2013 WL 4080717, at *8 (affirming dismissal of plaintiffs' wrongful foreclosure claim where plaintiffs failed to allege a grossly inadequate selling price and the chilled bidding exception did not apply).

**Money Had and Received**

When a defendant obtains money which in good conscience belongs to the plaintiff, an action for money had and received may arise. *Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 164 (Tex.App.– El Paso 1997, no writ). "Money had and received is an equitable doctrine designed to prevent unjust enrichment." *Merry Homes, Inc. v. Luc Dao*, 359 S.W.3d 881, 883 (Tex.App.– Houston [14th Dist.] 2012, no pet.). Because money had and received originates from the principles of equity, it generally applies to disputes which are not governed by a contract, but instead where the law implies a contractual obligation between the parties. *See Amoco Prod.,* 946 S.W.2d at 164. In fact, when the parties have a valid express contract that addresses the subject matter of the parties' dispute, there typically can be no recovery under a theory of unjust enrichment. *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000) (holding that express contracts which cover the subject matter of the parties' disagreement govern unless certain exceptions apply such as overpayments under the contract). The rationale is that parties should be bound by their express agreements. *Id.*

Plaintiff contends that Wells Fargo has money that in equity and good conscience belongs to Plaintiff. (Pl.'s Am. Pet. at 4-5.) Plaintiff alleges that on May 15, 2009, Wells Fargo received

8

$86,801.15 in insurance proceeds from the fire that damaged the Property. (*Id.* at 4.) Plaintiff alleges that these proceeds should have been applied to the balance she owed on her loan. (*Id.*) Thus, according to Plaintiff, had Wells Fargo applied the proceeds to the remaining balance on the loan there would have been no need to sell the home in foreclosure. Accordingly, the proceeds Wells Fargo received from the foreclosure sale do not in good conscience and equity belong to Wells Fargo, but instead to Plaintiff. (*Id.* at 4-5.) The Court finds this argument flawed.

Plaintiff and Wells Fargo's relationship is governed by an express written contract comprising the Note and Deed of Trust. The Deed of Trust contains a provision regarding the loss of property due to fire, which provides in relevant part:

> Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument . . . or (b) to the restoration or repair of the damaged Property.

(App. to Def.'s Mot. to Dismiss at 6, ¶ 4, Ex. 2.) Accordingly, Wells Fargo was not required to apply the insurance proceeds to the remaining balance of Plaintiff's loan, as it had the option to utilize the proceeds to repair the Property. Plaintiff does not challenge the existence of this express contract, and her allegation that the Deed of Trust is void is unfounded. Additionally, Plaintiff does not allege an overpayment under the contract or any other applicable exception as to why the Deed of Trust should not control their dispute. Therefore, Plaintiff is bound by the agreement and not entitled to recover under the equitable theory of money had and received. *See Fortune Prod.*, 52 S.W.3d at 684.

**Fraud**

In Texas, in order to state a claim for common law fraud, a plaintiff must show: (1) the defendant made a material representation; (2) the representation was false; (3) the speaker knew it was false at the time it was made, or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the plaintiff should act upon it; (5) the plaintiff acted in reliance on the representation; and (6) the plaintiff thereby suffered injury. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001) (citation omitted). Furthermore, in federal court, a plaintiff must also comply with Rule 9(b)'s heightened pleading standard, which requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (quoting *Williams v. WMX Tech., Inc.,* 112 F.3d 175, 179 (5th Cir. 1997)). Plaintiff has failed to allege such facts.

In her Amended Petition, Plaintiff alleges that Wells Fargo "engaged in a fraudulent foreclosure of the Property" because it "did not have the legal authority to foreclose on the Subject Property" or, alternatively, if it did have such legal authority Wells Fargo "failed to comply with Texas Civil Code Section." (Pl.'s Am. Pet. at 5.) Plaintiff has failed to allege what misrepresentations were made, how these representations were fraudulent, who made such representations, or when or where these misrepresentations were made. In addition, to the extent Plaintiff argues Wells Fargo lacked the authority to foreclose on the Property due to an improper assignment of the Deed of Trust, the Court has already found this theory to be unfounded. Furthermore, Plaintiff's conclusory allegation that Wells Fargo failed to comply with the Texas Civil

10

Code wholly fails to state what misconduct is alleged. Plaintiff has not pled sufficient facts to meet Rule 9(b)'s heightened pleading standard, as Plaintiff has failed to allege any facts surrounding the circumstances constituting the fraud. Accordingly, Plaintiff's fraud claim should be dismissed.

**Negligence**

In order to state a claim for negligence under Texas law, a plaintiff must allege: (1) the defendant owed a legal duty to plaintiff; (2) the duty owed was breached; and (3) the breach proximately caused plaintiff's injury. *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009) (quoting *D. Houston, Inc. v. Love,* 92 S.W.3d 450, 454 (Tex. 2002)) (internal quotation marks omitted). An implied duty of good faith and fair dealing is not imposed in every contract and, thus, there must exist a special relationship between the parties for such a duty to arise. *UMLIC VP LLC v. T & M Sales & Envtl. Sys., Inc.,* 176 S.W.3d 595, 612 (Tex.App.– Corpus Christi 2005, pet. denied). "When a special relationship between parties gives rise to independent duties, such as a duty of good faith and fair dealing, those duties are enforceable as torts." *Id.* However, if there is no special relationship then the duty must arise from the contract and any breach would not amount to an independent tort. *Id.*

In her Amended Petition, Plaintiff states that Wells Fargo owed her a duty "in the course of the transactions" and owed her a duty to "timely investigate, accept, reject or request additional time to investigate Plaintiff's claim." (Pl.'s Am. Pet. at 5.) Contrary to Plaintiff's conclusory assertion, Wells Fargo does not owe a legal duty to Plaintiff. *See Collier v. Wells Fargo Home Mortg.,* No. 7:04-CV-086-K, 2006 WL 1464170, at *8 (N.D. Tex. May 26, 2006) (holding that in Texas a mortgagor and a mortgagee do not have a special relationship, thus, there is no duty that arises which would support a claim for negligence); *UMLIC VP LLC,* 176 S.W.3d at 612 (collecting Texas cases

11

finding no special relationship between a mortgagor and a mortgagee from which a duty of good faith and fair dealing arises). Plaintiff's negligence claim should therefore be dismissed.

**Breach of Contract**

Under Texas law, a plaintiff must allege the following elements to state a breach of contract claim: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) a breach by the defendant; and (4) damages. *Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d 135, 140 (Tex.App.– Corpus Christi 2008, no pet.).

In her Amended Petition, Plaintiff states "the actions and/or omissions of Defendant described hereinabove constitute breach of contract, which proximately caused the direct and consequential damages of Plaintiff described hereinbelow, and for which Plaintiff hereby sues." (Pl.'s Am. Pet. at 6.) Plaintiff not only fails to allege what contract was breached, but she also fails to point to any provisions in her loan documents which Wells Fargo allegedly breached. In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff alleging a breach of contract claim must indicate which loan documents and provisions were breached. *See Chapa v. Chase Home Fin. LLC*, No. C-10-359, 2010 WL 5186785, at *5 (S.D. Tex. Dec. 15, 2010) (collecting Texas cases dismissing breach of contract claims where the plaintiff failed to show the contract or provision that defendant breached).

In her response to Wells Fargo's Motion to Dismiss, it appears that Plaintiff avers her breach of contract claim stems from Wells Fargo's failure to utilize the insurance proceeds from the fire damage to pay off the remaining balance of her loan. (Pl.'s Resp. to Def.'s Mot. to Dismiss at 5-6.) The Court assumes that Plaintiff is therefore alleging a breach of the Deed of Trust, however, Plaintiff still fails to point to what provision in the Deed of Trust Wells Fargo breached. Moreover,

the provision in the Deed of Trust concerning loss of property due to fire provides that the lender may, at its option, use the proceeds to repair the damage to the property. (*See* App. to Def.'s Mot. to Dismiss at 6, Ex. 2.) Accordingly, the Court is unable to draw a reasonable inference that Wells Fargo is liable for the misconduct alleged.

In addition, Plaintiff fails to allege that she tendered performance under her mortgage loan, as she does not state that she was current on her payments or that she did not default on the loan. The general rule is that in the absence of a valid excuse for failure to perform, a party must show that she has performed her obligations under the contract or at least offered to perform them in order to enforce the contract or recover damages for its breach. *Carr v. Norstok Bldg. Sys., Inc.*, 767 S.W.2d 936, 939 (Tex.App.– Beaumont 1989, no writ.). Thus, to the extent Plaintiff claims a breach of the Note or Deed of Trust, Plaintiff has failed to allege that she performed her obligations under these documents and, therefore, she cannot enforce them against Wells Fargo.

In sum, Plaintiff has failed to state a legally cognizable claim for breach of contract and this claim should therefore be dismissed.

**Slander of Credit**

In Texas, in order to maintain a defamation claim, a plaintiff must allege: (1) a false statement was made about the plaintiff; (2) the statement was published to a third party without legal excuse; and (3) the plaintiff's reputation was damaged as a result. *Fiber Sys. Int'l, Inc. v. Roehrs*, 470 F.3d 1150, 1161 (5th Cir. 2006).

In her Amended Petition, Plaintiff claims "that the actions and inactions of the Defendants have impaired her credit causing her to lose the ability to have good credit entitling her to damages." (Pl.'s Am. Pet. at 6.) In her response to the Motion to Dismiss, Plaintiff further explains that Wells

Fargo reported the foreclosure sale to the credit bureaus after it had received the insurance proceeds, with the intent to injure the credit of Plaintiff. (Pl.'s Resp. to Mot. to Dismiss at 7.) Nowhere in her Amended Petition or in her response does Plaintiff allege that Wells Fargo made a false statement about Plaintiff. Indeed, Plaintiff admits that the foreclosure sale actually occurred. (*Id.*) Plaintiff has failed to allege sufficient facts to support a claim for slander of credit, thus, this claim should be dismissed.

**Intention Infliction of Emotional Distress**

In her request for exemplary damages in her Amended Petition, Plaintiff appears to allege a claim for intention infliction of emotional distress ("IIED"). (Pl.'s Am. Pet. at 7.) In order to state a claim for IIED in Texas, a plaintiff must demonstrate: (1) the defendant acted intentionally or recklessly; 2) the conduct was extreme and outrageous; 3) defendant's actions caused the plaintiff emotional distress; and 4) the emotional distress suffered was severe. *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993). To prove that the conduct was extreme and outrageous, the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Tiller v. McLure*, 121 S.W.3d 709, 713 (Tex. 2003) (quoting *Twyman,* 855 S.W.2d at 621) (internal quotation marks omitted).

In this case, Plaintiff alleges that "[i]n carrying out its attempt to wrongfully foreclose upon Plaintiffs home, Defendants intentionally or recklessly engaged in extreme and outrageous conduct to cause Plaintiff emotional distress. The emotional distress Plaintiff has suffered as a result of this conduct was severe." (Pl.'s Am. Pet. at 7.) Plaintiff's contention falls far short of showing the requisite extreme and outrageous conduct necessary for an IIED claim. This Court has already found

14

that MERS had the authority to assign the Deed of Trust, which granted the assignee, Wells Fargo, the power to foreclose on the Property. Additionally, although not necessary prior to foreclosure, the assignment of the Deed of Trust was properly recorded in the Dallas County Public Records. Furthermore, the Deed of Trust permitted Wells Fargo to utilize the insurance proceeds from the fire to repair the damage to the Property.

The Fifth Circuit and the Northern District of Texas have rejected claims for IIED in the mortgage foreclosure context. *See Mann v. Am. Federated Life Ins. Co.*, 146 F.3d 868, 1998 WL 327238, at *3 (5th Cir. 1998) (affirming the dismissal of an IIED claim where party was merely following the terms of a legitimate contract); *Strange v. Flagstar Bank, FSB*, No. 3:11-CV-2642-B, 2012 WL 987584, at *5 (N.D. Tex. Mar. 22, 2012) ("Plaintiffs' allegations centering on foreclosure and contract issues are far from the type of allegations of outrageous and intolerable conduct required to sustain a claim for intentional infliction of emotional distress."). Here, Plaintiff's allegations concern foreclosure and contract issues. Accordingly, Plaintiff's claim for IIED should be dismissed.[6]

**Leave to Amend**

District courts typically allow a plaintiff at least one opportunity to amend her pleadings before dismissing a case unless it is apparent that the defects are incurable or that the plaintiff is unwilling or unable to amend her pleadings to avoid dismissal. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Although this Court recommends that

---

[6] Plaintiff additionally seeks damages and attorney's fees in her Amended Petition. (Pl.'s Am. Pet. at 6-8.) However, since Plaintiff has failed to allege any substantive claims, her request for damages and attorney's fees should also be dismissed. *See Carter v. Bank of Am., N.A.*, No. 3:12-CV-4550-B, 2013 WL 1482610, at *3 (N.D. Tex. Apr. 9, 2013).

Wells Fargo's Motion to Dismiss be granted, and the Court has already given Plaintiff an opportunity to amend, Plaintiff alleges that she did not receive adequate notice of her default and right to cure pursuant to the Texas Property Code and, therefore, this Court is unable to say that the defects in her Amended Petition are incurable. Additionally, in her response to the Motion to Dismiss, Plaintiff requests leave to amend her pleadings, indicating that she is willing to amend. (Pl.'s Resp. to Mot. to Dismiss at 9.) Thus, this Court recommends that Plaintiff be granted one last opportunity to replead her claims regarding a lack of proper notice.[7] *See Rivera,* 2013 WL 1294009, at *3 (allowing plaintiff a second opportunity to amend his foreclosure action because plaintiff did not indicate that he was unwilling or unable to cure the defects in his pleading).

### Recommendation

For the foregoing reasons, this Court recommends that the District Court **GRANT** Wells Fargo's Motion to Dismiss (doc. 16) and dismiss Plaintiff's claims against Wells Fargo. The Court further recommends that the District Court allow Plaintiff one last opportunity to amend her pleadings. Plaintiff should be given 30 days from the date of the District Court's order accepting these findings in which to file her second amended petition.

---

[7] The Court notes that Plaintiff mentions the alleged defects of notice in her wrongful foreclosure claim instead of bringing a separate cause of action under the Texas Property Code. (*See* Pl.'s Am. Pet. at 4.) Further, Plaintiff fails to allege any facts regarding the notice except that it was not given. In her response to the Motion to Dismiss, Plaintiff claims that she did not receive notice of the foreclosure sale as required under the Deed of Trust. (Pl.'s Resp. to Mot. to Dismiss at 3-4.) Thus, possibly indicating that she might have a claim for breach of contract. In addition, although Plaintiff does not allege a specific violation of the Deceptive Trade Practices Act ("DTPA"), she uses the language "false, misleading and deceptive acts, practices and/or omissions" in her request for multiple damages under the Texas Business and Commerce Code. (Pl.'s Am. Pet. at 6.) Thus, if Plaintiff is attempting to assert a cause of action under the DTPA, she must allege such a violation and sufficient facts to support the claim.

**SO RECOMMENDED**, August 26, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).